THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

FEB 1 0 2006

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| GERALDINE JONES, | ) |
| Plaintiff | ) ) ) ) |
| vs. | ) ) ) |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Defendant | ) ) |

4 06CV00190HEA

## COMPLAINT

COMES NOW Geraldine Jones ("Plaintiff") by and through her attorney and pursuant to 29 U.S.C. § 1001 *et seq.* ("ERISA") brings this action against UNUM LIFE INSURANCE COMPANY OF AMERICA ("Defendant") for the wrongful termination of Plaintiff's long-term disability benefits, and for this action states as follows:

1. Plaintiff was employed as an elementary school teacher for the Archdiocese of St. Louis.

2. As an employee of the Archdiocese of St. Louis, Plaintiff was a participant in a group employee welfare benefit plan ("Plan") under ERISA.

3. Under the Plan, Defendant operated as a fiduciary as Defendant had the authority to approve or deny claim benefits. Defendant also operated as the insurer of the Plan

4. During the time of her employment, Plaintiff became afflicted with disabling conditions while she was employed by the Ardiocese of St. Louis.

5. Plaintiff is unable to work in any gainful occupation due to her impairments.

6. Plaintiff is eligible to receive long-term disability benefits as an employee of the Archdiocese of St. Louis until she reaches the age of 65 or returns to work.

7. Plaintiff filed a claim for disability benefits on April 15, 2002 due to her impairments.

8. Defendant approved Plaintiff for disability benefits and commenced paying her benefits on October 1, 2002.

9. Defendant terminated her benefits on October 2004 as they determined that Plaintiff could perform "any occupation" based on Plaintiff's training, education, or experience..

10. Plaintiff is disabled due to her disabling conditions which include but are not limited to, temporal lobe epilepsy, headaches, facial numbness, fatigue, cognitive difficulties, and interstitial cystitis.

11. Plaintiff appealed the Defendant's termination and received letters on April 14, 2005 and November 2005 affirming their decision to terminate Plaintiff's benefits.

12. Defendant conducted their claims process in an arbitrary and capricious manner, which resulted in the denial of Plaintiff's long-term disability benefits.

13. Defendant, as claims administrator for the Plan, breached numerous statutory duties, codified at 29 CFR § 560 *et seq.* by breaching its fiduciary duties owed to the Plan. These breaches include, but are not limited to, failure to provide a full and fair review for Plaintiff; imposing heightened requirements for Plaintiff to prove her disability which are not mentioned in the Plan; ignoring and overlooking Plaintiff's treating physician's opinions; failing to get an independent medical

2

assessment and a functional capacity evaluation to determine whether Plaintiff can perform any occupation.

14. Defendant has in the past been the subject of numerous investigations concerning their procedural irregularities which has resulted in a Multi-State Settlement Agreement wherein insurance regulators for the states of Maine, Massachusetts, and Tennessee found the following procedural irregularities:

   i.)   Excessive reliance upon in-house medical professionals;

   ii.)  Unfair construction of attending physicians or IME reports;

   iii.) Failure to evaluate the totality of the claimant's medical condition;

   iv.)  Inappropriate burden placed on claimant's to justify eligibility for benefits.

15. Defendant has not only breached their fiduciary duties to Plaintiff.

16. Plaintiff has exhausted her administrative remedies.

17. Plaintiff has express rights and standing under ERISA to bring a cause of action against Defendant to enforce her rights to recover benefits due to her because of the disability coverage.

18. Under ERISA, Plaintiff has the right to recover her reasonable attorney fees against Defendant should the Plaintiff establish her right to recover benefits, including her right to a full and fair review denied to her by Defendant.

WHEREFORE, Plaintiff prays for an Order and Judgment against Defendant for retroactive disability benefits due to Plaintiff plus pre-judgment interest and attorney fees and for and further equitable relief.

Respectfully submitted,

*[signature]*

Gregory A. Oliphant, 104371

1001 Craig Rd.
Suite 305
St. Louis, MO 63146
314-968-9567
314-872-2191 (facsimile)